JENNIE GULKIS, Appellant, *v.* NEW YORK LIFE INSURANCE COMPANY, Respondent.

First Department, October 22, 1957.

*Joseph Tiefenbrun* of counsel (*Max M. Bernstein* with him on the brief; *Joseph Tiefenbrun,* attorney), for appellant.

*Harry F. X. Hammer* of counsel (*Lee M. Gammill,* attorney), for respondent.

*Per Curiam.* In this action brought to recover under the double indemnity benefit provisions of four policies of life insurance, Special Term granted defendant's motion for summary judgment dismissing the complaint. The court below found, as a matter of law, that the death of the insured was due to the '' taking of poison '', and, hence, recovery was barred under the provisions of the insurance policies which excluded death '' from the taking of poison   *   *   *   whether voluntary or otherwise ''.

The autopsy reports show that the deceased died as a result of the ingestion of morphine, barbiturates and codeine. It was conceded that the combined effect of all three drugs caused death.

Special Term concluded that morphine is a specifically named poison under section 1743 of the Penal Law, and codeine and barbiturates are included in the general definition of poisons contained in that section as '' any drug, chemical or preparation which   *   *   *   is liable to be destructive to adult human life in quantities of sixty grains or less.'' The court below reasoned that since death resulted from a combination of the three drugs, it was '' obviously due to the ' taking of poison '.''

In construing a policy which excepts from its coverage death caused by the '' taking of poison '', courts must give those words a popular or common-sense meaning, as they would appear to the average man, and not their purely scientific connotation.

The affidavits are in conflict on whether the amount of morphine taken by deceased would have constituted a lethal dose. Moreover, since there is no convincing proof that either codeine or barbiturates is a poison, a triable issue is presented

as to whether the deceased died as a result of the " taking of poison " within the meaning of the policy.

The judgment appealed from should be reversed, and defendant's motion for summary judgment denied, with costs.

BOTEIN, J. P., RABIN, FRANK, VALENTE and McNALLY, JJ., concur.

Judgment and order unanimously reversed, with costs to the appellant, and defendant's motion for summary judgment is denied, with $10 costs.